**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

In re:

| | |
|---|---|
| Paul X. Houston | Chapter 13 |
| Debtor | Case no. 18-12876-BFK |

## MOTION FOR AUTHORITY TO SELL REAL ESTATE

COMES NOW the debtor, by counsel, and request that the court permit him leave to sell certain real property on the terms and conditions as set forth below. In support of his motion the debtor states as follows:

1. The debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on August 22, 2018.

2. The debtor is currently operating under a confirmed 100 percent plan. The plan was confirmed on February 14, 2019 at which time all property revested to the debtor.

3. The debtor and his ex-wife are the owners of certain property located at 12178 Cheshire Court in Bristow, Virginia.

4. Pursuant to the divorce decree entered by the Prince William Circuit Court (attached Exhibit A) the parties are to sell the property and divide the proceeds among themselves.

5. The foregoing home was placed on the market and a ratified contract was executed on January 30, 2020 (ratified contract attached as Exhibit B) calling for the sale of the home for $480,000.00

6. The closing of the home is scheduled to take place on March 31, 2020, but there is a contingency in the contract calling for bankruptcy court approval within 30 days of the contract being executed or the purchasers may "walk."

7. The property is encumbered by a mortgage with a payoff of about $380,000 with cost of sale of about $40,000.00 leaving about $60,000 to be divided by debtor and his ex-wife. The debtor is thus expected to net as much as $30,000.00.

8. Debtor is prepared to turn over $00.00 to the estate at closing and seeks to keep any and all funds that he obtains at closing for himself.

9. Debtor understands that it is customary in this jurisdiction to turn over all funds from the sale of pre-petition property -subject to certain exemptions- to the chapter 13 trustee. This custom needs to change.

**The law concerning the sale of pre-petition property after confirmation of a plan.**

> There is nothing novel about a debtor taking the legal position that proceeds from the sale of a home that debtor owned pre-petition belongs entirely to debtor. The court was faced with this very issue in the case of *In re Golek, 308 B.R. 332 (Bankr. N.D. Ill., 2004)* in which the court found squarely in favor of the debtor on this issue. In fact, the court cited to a 2009 decision:

" Faced with the identical issue as presented in this case, the court in *In re Burgie,* 239 B.R. 406, 409-410 (9th Cir. BAP 1999), concluded "proceeds of the sale of a debtor's real estate in a chapter 13 case never become disposable income for the purposes of chapter 13."

"The *Burgie* court reasoned that as part of the deal a debtor makes with his or her creditors when electing to file under chapter 13, as opposed to chapter 7, the debtor retains all *pre-petition* property in exchange for committing all *post-petition* disposable income to the payment of creditors under a plan of reorganization. *Id.* at 410; *see also In re Euler,* 251 B.R. 740, 748 (Bankr.M.D.Fla.2000). And if the debtor makes all the necessary payments pursuant the plan, the debtor is permitted to keep all his pre-petition assets. *Burgie,* 239 B.R. at 410."

"Because pre-petition property includes the proceeds therefrom, the court concluded that the proceeds from a post-petition sale of debtor's real estate were not post-petition income. *Id.* As such, neither the trustee nor anyone else could compel the debtor to use the proceeds to fund the plan. *Id.*

    I agree. There is no dispute in this case that debtor's home was his pre-petition property."

In fact, *In re Golek*, is one of the cases cited by Judge Mitchell in *In re Murphy, 327 B.R. 760, (Bankr. E.D. VA 2015)*. However, Judge Mitchell simply did not buy in to the "post confirmation property revests to the debtor" argument. Judge Mitchell went on to say:

"Although the debtor's argument has a surface appeal, the court concludes that whether the property revested at confirmation is ultimately not dispositive on the issue of whether the trustee can seek modification of the plan to account for the sales proceeds realized by the debtor. As an initial matter, the court notes that there is considerable disagreement, even within this district, over exactly what revesting means."

Judge Mitchell then stated: "The Fourth Circuit's holding in *Arnold* is not phrased in terms of changes in the debtor's disposable income, but rather in terms of the debtor's "financial condition," which is a broader concept. The requirement in *Arnold* that the debtor share any substantial and unanticipated improvement with his or her creditors is not grounded in the disposable income test, but rather in the fundamental requirement of good faith under § 1325(a)(3)."

Judge Mitchell firmly believed in the mantra that: As the Fourth Circuit held in *Arnold,* Congress did not intend for chapter 13 debtors "who experience substantially improved financial conditions after confirmation to avoid paying more to their creditors."

In re Arnold was eventually appealed to the Fourth Circuit. The Fourth Circuit in *In re Murphy, 474 F.3d 143 (4th Cir., 2007)* affirmed the ruling of the bankruptcy court and the Court "hung their hat" on the believe that: "Our decision in *In re Arnold* recognizes that a debtor who experiences a substantial and unanticipated improvement in his financial condition after confirmation should not be able to avoid paying more to his creditors. 869 F.2d at 242. "

As for debtor's argument that "all property revests to debtor at confirmation" the Fourth Circuit had this to say: To resolve Murphy's argument, we need not discuss these varying interpretations or select one as the most preferable. Under *In re Arnold,* a debtor cannot use plan confirmation as a license to shield himself from the reach of his creditors when he experiences a substantial and unanticipated change in his income. 869 F.2d at 241-43.

In *In re Arnold,* we permitted a modification of a confirmed plan where the debtor's salary went from $80,000 to $200,000. *Id*. at 241. If a substantial, unanticipated salary increase warrants a modification, we see no reason why substantial, unanticipated income realized from the sale of property would not also warrant a modification of a confirmed plan. Thus, even though property vested in Murphy upon confirmation, this fact did not prevent the Chapter 13 trustee from seeking to modify Murphy's plan.

  Plainly stated, the unanticipated and substantial change in one's finances defeats the property revested to debtor argument according to In Re Murphy.

In re Murphy is distinguishable from this particular case. The debtor's home is selling for less than the $500,000.00 value that debtor had scheduled in his schedules when he filed the case. And even more importantly the debtor is currently operating under a confirmed 100% plan. There is no modification that a chapter 13 can possibly seek to a confirmed plan when debtor is paying out at 100 percent. In fact, this very court has ruled that debtor my "slow pay" in a 100 percent plan and use all of the 60 months allotted him under the plan when paying at 100 percent.

Finally, it should be noted that the tool to be used by a chapter 13 trustee who is unhappy with a pending sale where a debtor may obtain a "windfall" is to file a motion seeking a modification to a previously confirmed plan and not an opposition to the debtor's motion to sell that demands all proceeds be turned over to him. In other words, a chapter 7 trustee has the power to file a motion for turnover. A chapter 13 does not. His powers are limited to a motion for plan modification.

WHEREFORE, the debtor prays that he be authorized to sell the aforesaid property.

Respectfully submitted,

/s/Robert S. Brandt
VSB # 46196
The Law Office of Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
703-342-733
brandt@brandtlawfirm.com
Counsel for Debtor

CERTIFICATE OF SERVICE

This is to certify that on this 4th day of February, 2020 I caused to be served the foregoing Motion for Authority to Sell Real Estate on the chapter 13 trustee, Thomas P. Gorman and the US Trustee Office by ECF, and on all other listed creditors that appear in the creditor matrix by regular mail postage prepaid.

/s/Robert S. Brandt